WILLIAM A. WAGNER, PROSECUTOR, v. COUNTY EM-PLOYEES PENSION COMMISSION OF THE COUNTY OF ESSEX, RESPONDENT.

Submitted October 6, 1942—Decided December 6, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the prosecutor, *Peter Hofstra* (*Joseph Fumagalli,* of counsel).

For the defendant, *Arthur T. Vanderbilt* (*G. Dixon Speakman,* of counsel).

The opinion of the court was delivered by

PORTER, J. William A. Wagner, prosecutor, was employed as a butcher in the Essex County Isolation Hospital from 1929 until 1941 when he was obliged to quit because of ill health. He was suffering from a heart condition which prevented him from continuing the work consisting as it did, in part, of lifting heavy pieces of meat. He made application to be retired on a pension claiming that his physical condition was caused by his employment by the county.

The County Employees Pension Commission, the respondent, had petitioner examined by two physicians who agreed that he was physically disabled because of a heart condition from doing work as a butcher requiring the lifting of, heavy objects but that his condition was not caused by nor did it result from his employment by the county. The respondent thereupon, by resolution on September 19th, 1941, denied the application for a pension. This action is before us for review by writ of *certiorari*.

We conclude that the prosecutor did not establish his right to retirement on pension and that the denial of his application was right.

The applicable statute is *N. J. S. A.* 43:10-4. Under its provisions a county employee permanently disabled in the service of the county shall be retired on half pay "upon the certificate of a physician designated for that purpose by the pension commission." It further provides that an application be made in writing to the pension commission for retirement and that the commission shall "call to its aid a regularly licensed and practicing surgeon or physician." Further that "if the two surgeons or physicians so called fail to agree upon the physical condition of the applicant," the commission may call a third physician and "the commission shall decide, by resolution, whether the applicant is entitled to the benefits of this article and shall consider the physicians' or surgeons' determination in reaching its decision."

We think that in selecting two physicians and surgeons to examine the applicant and to have based its resolution in denying the application upon the determination of these physicians, which was that the physical disability was not

caused by or aggravated by his service to the county, was in full compliance with the statute, *supra*. The statute makes no provision for the introduction of evidence by the applicant or that he be given a hearing as is argued on behalf of the prosecutor.

The writ will be dismissed, but without costs.